**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4323**
_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JERMAINE D. DICKERSON, a/k/a Chris, a/k/a G,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:12-cr-00228-1)

_____

Submitted: May 1, 2014              Decided: May 5, 2014

_____

Before MOTZ and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven Michael Bragg, THE LAW OFFICE OF STEVEN M. BRAGG, Barboursville, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine D. Dickerson appeals from the 189-month sentence imposed following his guilty plea to conspiracy to distribute heroin and twenty-eight grams or more of cocaine base. He contends that the district court erred in determining the quantity of drugs attributable to him and by enhancing his sentence based on his leadership role in the conspiracy. Finding no clear error, we affirm Dickerson's sentence.

We review the district court's determination of drug amounts attributable to a defendant for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). In reviewing the district court's factual determinations, this court must give "due regard to the opportunity of the district court to judge the credibility of the witnesses." United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992) (internal quotation marks omitted).

Because there was no specific evidence as to the total amount of controlled substances involved in the conspiracy, the court is permitted to "approximate the quantity [of drugs] to be used for sentencing." Uwaeme, 975 F.2d at 1019 (internal quotation marks omitted). Such an approximation must be based on evidence that has "sufficient indicia of reliability." Id. at 1021.

We have reviewed the evidence presented at trial prior to Dickerson's plea and during the evidentiary hearing held for the purposes of sentencing, and we conclude that the district court's extrapolation was based on evidence that has sufficient indicia of reliability. We find no clear error in the court's determination of the relevant conduct attributable to Dickerson.

Dickerson also challenges the district court's determination that he had a leadership role in the offense. He contends that the evidence of his involvement showed merely buyer and seller relationships among the alleged co-conspirators. We again review for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011).

The Sentencing Guidelines provide for a two-level adjustment where the defendant is found to be an organizer, leader, manager, or supervisor in a conspiracy that involves fewer than five participants. U.S. Sentencing Guidelines Manual § 3B1.1(c). In finding that Dickerson exercised control over at least one other participant, see United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003), the district court relied on evidence that Dickerson would arrange and prepare sales of heroin or crack cocaine, directing witness Jonathan McDonald where to meet the buyer. McDonald would deliver the drugs as instructed, accept payment from the buyer, and deliver the money to Dickerson. The district court also found that Dickerson

exercised some control over Tessa Vinson and Robert Pemberton, arranging for them to complete drug sales at their apartment on behalf of the conspiracy.

This evidence supports the district court's determination that Dickerson exercised control over at least one other participant in the conspiracy. Accordingly, we uphold the two-level sentencing enhancement for having a leadership role.

In conclusion, we affirm Dickerson's 189-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED